CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 23 2011

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ROANOKE DIVISION

| | |
|---|---|
| SHARON YORK, Pro se as mother and legal custodian of minor child and on behalf of said child, Nicholas Stancil, | Civil Action No. 7:12cv00019 |
| Plaintiff, | |
| | MEMORANDUM OPINION |
| v. | |
| COMMONWEALTH OF VIRGINIA, ET AL, | By: Samuel G. Wilson United States District Judge |
| Defendants. | |

This is an *in forma pauperis* petition for writ of habeas corpus by Sharon York ("Ms. York") on behalf of her minor child seeking the return of that child to her custody. This court lacks jurisdiction and consequently dismisses Ms. York's petition.

### I.

The following essential facts appear from Ms. York's petition and the exhibits she has attached to that petition. The Honorable Sarah A. Rice, Judge of the Franklin County Juvenile and Domestic Relations District Court, entered a "child protective order" on January 11, 2012, pursuant to Virginia Code § 16.1-253. The order directs Ms. York to observe certain "conditions of behavior." Included among those conditions is a condition that Ms. York cooperate in "services and programs designed to protect the child's life, health or normal development as determined by the Franklin County [Department of Social Services]" and a condition that the child "continue to reside in the home of Jennifer York," an adult child of Ms. York. Ms. York

complains of the judge's bias and various procedural and constitutional irregularities. Counsel represents Ms. York in the state court proceedings, and a guardian *ad litem* represents the minor child in those proceedings. Here, Ms. York seeks a writ of habeas corpus and "an injunction to stop post adjudicative psychiatric tests and other unreasonable and unconstitutional orders of Judge Rice and the Franklin County J&DR Court."

## II.

Under Lehman v. Lycoming County Children's Services Agency, 458 U.S. 502 (1982) children in foster care are not in the "custody" of the state within the meaning of §§ 2241 or 2254. As the Fourth Circuit noted, it "has made it clear that federal courts do not have jurisdiction under 28 U.S.C. § 2254 over child-custody matters." Carpenter v. West Virginia Dep't of Human Servs., No. 88-1148, 1988 WL 138473, at *1 (4th Cir. Dec. 21, 1988). There are reasons rooted in federalism that "[t]he 'custody' of foster or adoptive parents over a child is not the type of custody that traditionally has been challenged on federal habeas." Lehman, 458 U.S. at 510–11. And even though here Ms. York's minor child is residing with Ms. York's adult daughter as result of a protective order rather than an order awarding custody, "the rationale of Lehman does not . . . turn on such a distinction, focusing narrowly on the nature of the of the 'custody' at issue." Milton v. the Attorneys Gen. of the State of New York & Pennsylvania, 396 F.3d 207, 209 (2d Cir. 2005). Consequently, Ms. York's minor child is not in custody for purposes of federal habeas corpus relief, and the court lacks jurisdiction to issue the writ.[1]

---

[1] The court notes that Judge Rice's order, by its own terms, sets a "condition of behavior" on Ms. York and does not purport to adjudicate custody. As such, it is removed farther still from the core of federal habeas.

The court also notes that though Ms. York styles her petition as a petition for writ of habeas corpus "commanding the respondent to promptly return [her] minor child," if the court were to construe the petition as a complaint for relief pursuant to 42 U.S.C. § 1983, this court still could not grant the relief she requests. First, under the Rooker-Feldman doctrine, federal district courts do not have subject matter jurisdiction to hear "cases brought by state-court losers complaining of injuries caused by state-court

2

## III.

For the reasons stated the court will dismiss Ms. York's petition for writ of habeas corpus for lack of jurisdiction.

**ENTER:** January 23, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). Even "[i]f the state-court decision was wrong, 'that [does] not make the judgment void, but merely open to reversal or modification in an appropriate and timely appellate proceeding.'" Id. (quoting Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923)). Second, (although not a jurisdictional ground) the "Younger doctrine which counsels federal court abstention where there is a pending state proceeding, reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff," Moore v. Sims, 442 U.S. 415, 423 (1979) (citing Younger v. Harris, 401 U.S. 37 (1971)), unless the state forum is inadequate to adjudicate the federal plaintiff's federal claims. See, e.g., Judice v. Vail, 430 U.S. 327, 337 (1977) ("Here it is abundantly clear that appellees had an opportunity to present their federal claims in the state proceedings. No more is required to invoke Younger abstention."). The Commonwealth of Virginia's interest in adjudicating the fact-laden, day-to-day controversies that arise in domestic relations cases is unusually strong, and the federal interest quite circumscribed and cabined. Comity requires "'a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.'" Middlesex Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431 (1982) (quoting Younger, 401 U.S. at 44). Nothing remotely suggests that the courts of the Commonwealth Virginia cannot adequately protect Ms. York's constitutional rights in the proceedings pending there.